O. L. HUGHES v. E. DUBBS ET AL.

No. 7183.

1. **Injunction—Organization of New County.**—A citizen, taxpayer, or qualified voter of an unorganized county does not have such interest in its proposed organization that he can maintain a suit to restrain or avoid such organization.

2. **Common Injury.**—When an injury is common to all and results from the invasion of a right enjoyed by a party in common with the public, a private action can not be maintained.

APPEAL from Wheeler. Tried below before Hon. FRANK WILLIS. No statement is necessary.

*B. M. Baker*, for appellant.

*W. H. Grigsby, Temple Houston*, and *W. H. Woodman*, for appellees.

GARRETT, PRESIDING JUDGE, *Section B.*—O. L. Hughes, plaintiff below, filed this suit in the District Court of Wheeler County, March 7, 1889, against the appellees, who were the county judge and commissioners composing the Commissioners Court of Wheeler County, and certain election officers appointed by them, to set aside an order of said Commissioners Court, made February 14, 1889, providing for the organization of the unorganized county of Hansford, then attached to Wheeler County for judicial and other purposes, and to restrain said persons from proceeding with the organization of said county. A temporary injunction was not obtained, and after the election had been held the plaintiff filed an amended petition on April 7, 1889, in which he dismissed as to the election officers and retained as defendants the appellees, who were the county judge and county commissioners of Wheeler County. In his amended petition he sought to have the order of February 14 set aside and the organization of the county declared void.

Defendants presented exceptions to the petition, which were sustained; and the plaintiff having declined to amend, judgment was rendered in their favor.

Plaintiff alleged, substantially, that he was a citizen, qualified voter, and taxpayer in Hansford County, and that defendant Dubbs, as county judge of Wheeler County, and defendants Thurmond, Wilson, Henkins, and Bailey, as members of the Commissioners Court of Wheeler County constituted said court, and that on the 14th day of February, 1889, persons claiming to be citizens of Hansford County offered said court a petition praying for the organization of said county of Hansford, and said court on said petition spread an order on its minutes declaring said county organized and ordering an election therein for the

selection of a county seat and the election of the several county offi-
cers, to take place on the 11th day of March, 1889, said order also
designating four precincts, and appointing election officers therein;
said petition also declares, that on the 11th day of March, 1889, an elec-
tion was held in said county under said order, and the result returned
to said Commissioners Court, which on the 18th day of March, 1889,
canvassed the same, and defendant Dubbs immediately gave certifi-
cates of election to the several persons claiming to have been elected
to office; said petition alleges further, that said persons are now claim-
ing to hold said county offices, and are running a county government
for said county, holding the county seat at the town of Hansford, which
was declared to have been selected as such on the canvass of said elec-
tion returns; and said petition claims, that unless restrained said per-
sons will levy taxes on the taxpayers of said county, and collect them
to support a county government, and erect public buildings for said
county, and that said persons will maintain said county government
by taxing the people of said county, and will erect county buildings
at the expense of said people, and will discharge supposed duties in-
volving the legal rights and privileges of the people and this plaintiff,
if said pretended organization is permitted to stand; and that if the
same is permitted to stand, the pretended Commissioners Court of Hans-
ford County will levy taxes against said plaintiff, and compel him to
pay them; that said organization ought to be vacated and declared void,
as ought the order of the Commissioners Court of Wheeler County, be-
cause said orders were procured and passed by the fraud of the persons
presenting said petition for organization, and said Dubbs was induced
to grant said certificates of election by the fraudulent representations
of said persons, there not being when said petition was presented 150
qualified voters in said county, nor at any time since, nor 150 names
of qualified voters on said petition, nor an allegation that those who
did sign it were qualified voters of said county; said amended petition
alleges, that said persons fraudulently represented to said Commission-
ers Court that said petition had 150 qualified voters on it, when they
knew the statement was not true; that of the 164 names on said peti-
tion for organization 72 of them, whose names are set out, were not
qualified voters of said county; and that seven of the names of the
qualified voters, which are stated, were forged.

It was alleged, that the order of the Commissioners Court was void,
because it ordered the election to take place on a day not fixed by law
for the holding of a general election; and that the canvass of the vote
by the Commissioners Court was void, because it was the duty of the
county judge in proper cases to make such canvass, and because when
the votes were canvassed by the Commissioners Court of Wheeler
County, Hansford County was attached by law to Lipscomb County for
judicial purposes; and that the election was void, because the defend-

ant Dubbs in his election notices did not designate the county officers to be voted for.

Plaintiff prayed for an injunction inhibiting defendants from further attempting to perfect the organization of Hansford County; that all the orders of the Commissioners Court of Wheeler County be annulled and declared void; that the pretended organization of Hansford County be declared void; and for a decree declaring that said county is not organized, but that it is attached to Lipscomb County for judicial purposes; and for mandamus against defendants as the Commissioners Court of Wheeler County, commanding them to revoke and rescind their orders as to the organization of Hansford County. The petition was sworn to by the plaintiff.

Defendants answered by a general demurrer, and further excepted to the petition:

1.    Because it sought to subject the County Commissioners Court of Wheeler County to mandatory process in the performance of duties that were purely ministerial.

2.    Because, if as stated in plaintiff's petition Hansford County was organized by an order of the court of February 14, 1889, and was afterward attached to Lipscomb County by the Legislature, then the District Court of Wheeler County had no jurisdiction of the cause.

3.    That upon its organization sovereignty vested in Hansford County, and it could not be afterward attached by the Legislature to another organized county.

4.    Because, if as stated in the petition of plaintiff said election was ordered held and returns made, and the officers elected thereunder have qualified and entered upon the performance of the duties prescribed for them by law, the sovereignty of said county is no longer a subject of judicial divestiture.

5.    Because, if as alleged in said petition said officers have been wrongfully and fraudulently exercising and usurping functions of the said offices, plaintiff's remedy is by a writ of quo warranto and not by seeking the equitable interposition of the court, plaintiff not showing himself without a legal remedy.

6.    Because all the injuries of which plaintiff complains, should the organization be allowed to stand, are conjectural and speculative in their nature, and not real.

7.    Because wherein said petition alleges that Wright and others therein named praying for said organization perpetrated a fraud upon defendants, it sets out matters of which defendants alone could complain when they pray judgment.

We are met at the threshold of our investigation of this case with an objection to the plaintiff's cause of action which if tenable will require an affirmance of the judgment of the court below, and that is, Has the plaintiff shown such interest as would authorize him to sue?

Has a citizen, taxpayer, or qualified voter of a county such interest in its proposed organization as will form the basis of a private suit or action?  It has been frequently held in this State that there is no such property right in the location of a county seat as would give a person about to be injured by its unlawful removal a cause of action to prevent it.  Walker v. Tarrant County, 20 Texas, 20; Ex Parte Towles, 48 Texas, 422; Harrell v. Lynch, 65 Texas, 151.  It was said in Walker v. Tarrant County, that "if this were so, neither a majority of the county nor the Legislature could remove it after it was once located."  The reasoning which denies the right to sue in the case of the removal of a county seat applies with equal force to the denial of the right to sue to prevent the organization of a county.  A county is a political division of the State, and its organization is of a public nature.  A person owning property therein would not be subject to any taxation that would not be common to all alike; and where the injury is common to all and results from the invasion of a right enjoyed by a party in common with the public, a private action can not be maintained.  San Antonio v. Strumberg, 70 Texas, 368.

This is not a suit to enjoin the levy or collection of a tax, and plaintiff's general allegation that the "pretended Commissioners Court of Hansford County will levy taxes against this plaintiff, claiming them to be legal county taxes, and compel them to pay them or have his property confiscated," does not show any such interest as will authorize the plaintiff to maintain this suit.

It is unnecessary to notice the other questions that may arise in the case, as in our opinion the one already discussed presents an objection fatal to the plaintiff's cause of action.  Our conclusion is, that the judgment of the court below should be affirmed.

*Affirmed.*

Adopted May 3, 1892.